IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DORIS ERGLE LINDSEY PRATT, individually and on behalf of all other similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO.: |
| v. | ) ) | CLASS ACTION COMPLAINT |
| AIR EVAC LIFETEAM and AIR EVAC EMS, INC. | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

COMES NOW the plaintiff, Doris Ergle Lindsey Pratt, individually and on behalf of all similarly situated persons, and files this complaint against Air Evac Lifeteam and Air Evac EMS, Inc. (collectively "Defendants") alleging the following:

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, Doris Ergle Lindsey Pratt, as well as members of the proposed class, are citizens of states different from the states where the Defendants, Air Evac Lifeteam and Air Evac EMS, Inc., have been incorporated, and/or where their principal places of business are located. Upon information and belief, the number of members of the putative class exceeds 1,000 persons and entities.

2. This Court has personal jurisdiction over Defendants, Air Evac Lifeteam and Air Evac EMS, Inc., because they conduct continuous, regular and systematic business in Missouri, and transact significant business within this district.

## VENUE

3. Venue is proper in this Court under 28 U.S.C. § 1391, because Defendants, Air Evac Lifeteam and Air Evac EMS, Inc., are subject to personal jurisdiction in this district, and a substantial portion of Defendants' conduct that forms the bases of this action occurred within the boundaries of this district.

## THE PARTIES

4. Plaintiff, Doris Ergle Lindsey Pratt, (hereinafter referred to as "Plaintiff") is over the age of 19 years and is a resident citizen of Phil Campbell, Franklin County, Alabama.

5. Defendants, Air Evac Lifeteam and Air Evac EMS, Inc., (hereinafter collectively referred to as "Defendants" or "Air Evac") are Missouri corporations doing business in this district.

## PLAINTIFF'S TRANSACTIONS WITH DEFENDANTS

6. Air Evac originally sold to the Plaintiff a membership contract for emergency air transport coverage and represented to Plaintiff as follows:

> As a member, Air Evac Lifeteam will work on your behalf with your insurance company to secure payment for its flight. For all Air Evac Lifeteam transport costs that exceed any insurance or medical benefits you may have, the company will waive all costs not covered by your insurance or benefits.

7. On October 29, 2008, Plaintiff renewed her membership with Defendants and entered into a renewal contract (attached hereto as Exhibit "A") that provided:

> Your membership means that Air Evac will work on your behalf with your medical benefits provider to secure payment for your medical emergency flight. Whatever your medical benefits provider pays will always be considered payment in full for your flight.

8. On or about December 29, 2009, Plaintiff was severely injured in an automobile accident which resulted in her having to be transported via Air Evac to a hospital in Huntsville, Alabama.

9. At all times material hereto, including on December 29, 2009, Plaintiff had coverage through Air Evac pursuant to the terms of a written contract.

10. Plaintiff's insurance coverage paid its share of the costs of the December 29, 2009 air transport provided by Air Evac, however, Air Evac continues to bill Plaintiff for the balance of the costs of this transport in direct contravention to the terms of the parties' contract and Air Evac's representations to Plaintiff.

## **CLASS ALLEGATIONS**

11. Plaintiff brings this action as a class action under FED. R. CIV. P. 23 and proposes the following class:

12. The Proposed Class is defined as:

> All resident citizens of the United States of America who purchased a membership with Air Evac Lifeteam pursuant to the terms of a written agreement which stated that Air Evac Lifeteam would waive all costs not covered by insurance or benefits.

> Plaintiff further proposes a Sub-Class consisting of the following persons:

> All resident citizens of the United States of America who purchased a membership with Air Evac Lifeteam pursuant to the terms of a written agreement which stated that Air Evac Lifeteam would waive all costs not covered by insurance or benefits and who have paid money to Air Evac Lifeteam over and above the amounts paid by their insurance or benefits provider or who have been subjected to liens or collection efforts by Air Evac Lifeteam seeking payment over and above the amounts paid by their insurance or benefits provider.

13. Excluded from the proposed Classes are members of the judiciary, persons or entities currently in bankruptcy, persons or entities whose obligations have been discharged in bankruptcy, and governmental entities.

14. This action is brought and may properly be maintained as a class action pursuant to FED. R. CIV. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

15. Plaintiff maintains the right to create additional subclasses or classes, if necessary, and to revise this definition to maintain a cohesive class that does not require individual inquiry to determine liability.

16. The exact number of class members is unknown to Plaintiff at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by the Defendants. Upon information and belief, the number of members of the putative class exceeds 1,000 persons and entities.

## EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW AND FACT

17. There are common questions of law and fact common and of general interest to the Class. These common questions of law and fact predominate over any questions affecting only individual members of the class. Such common questions include, but are not limited to, the following:

    a. Whether Air Evac breached its contract with Plaintiff;

    b. Whether Air Evac breached the implied duty of good faith and fair dealing;

    c. Whether Air Evac's conduct violated Missouri's Merchandising Practices Act;

d.  Whether Air Evac has misrepresented facts about its membership plan;

e.  Whether Air Evac has omitted or suppressed material facts about its membership plant;

f.  Whether Air Evac should be enjoined from seeking payments or imposing liens on it Members;

g.  Whether Plaintiff and class members are entitled to class relief as requested herein.

## TYPICALITY AND NUMEROSITY

18. The claims of Plaintiff are typical of the claims of the Class. Air Evac's common course of conduct caused Plaintiff and all proposed class members the same harm. Defendants' conduct caused each class member economic harm. Upon information and belief, the total number of members of the proposed class exceeds 1,000 members and is so numerous that separate joinder of each member is impracticable.

## ADEQUATE REPRESENTATION

19. Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interest antagonistic to those of other class members. Plaintiff has retained class counsel competent to prosecute class actions.

## SUPERIORITY

20. The Class may be properly maintained under FED. R. CIV. P. 23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. The interests of judicial economy favor adjudicating the claims for the class rather than on an individual basis. The class

action mechanism provides the benefit of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

21. Questions of law and fact predominate over any questions affecting only individual members.

## COUNT I

### (Fraudulent Misrepresentation)

22. Plaintiff adopts all previous paragraphs and incorporates same by reference.

23. Prior to and after enrolling in Air Evac's program, Defendants misrepresented certain material facts to Plaintiff, including following: "As a member, Air Evac Lifeteam will work on your behalf with your insurance company to secure payment for its flight. For all Air Evac Lifeteam transport costs that exceed any insurance or medical benefits you may have, the company will waive all costs not covered by your insurance or benefits." Defendants also made the following misrepresentations on October 29, 2009: "Your membership means that Air Evac will work on your behalf with your medical benefits provider to secure payment for your medical emergency flight. Whatever your medical benefits provider pays will always be considered payment in full for your flight."

24. The representations made by Air Evac were false and Defendants knew the representations were false when made and/or acted with reckless disregard to their truth or falsity.

25. Defendants intended that Plaintiff rely on their misrepresentations and plaintiff did reasonably and justifiably rely on the misrepresentations by purchasing coverage from Air Evac.

26. Defendants' actions were fraudulent, malicious, wanton, and/or oppressive, or in the alternative, were gross, malicious, and oppressive and were intended to injure or defraud plaintiff.

27. Defendants' actions constituted conduct involving actual malice, or in the alternative, were part of a pattern or practice of intentional wrongful conduct.

28. Defendants' actions were such as to allow and indeed require the imposition of punitive damages to punish these defendants and to deter other similarly situated.

29. As a result, Plaintiff has been injured and damaged as follows:

   a) She purchased coverage that is worthless;

   b) She has been frustrated and aggravated;

   c) Her credit rating and/or credit score has been damaged;

   d) She has suffered mental anguish; and

   e) She has been otherwise injured and damaged.

WHEREFORE, the above premises considered, Plaintiff demands judgment of the Defendants in such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding and such additional and other relief as this Honorable Court should deem just and proper.

## COUNT II

### (Fraudulent Concealment and Omission)

30. Plaintiff adopts all previous paragraphs and incorporates same by reference.

31. Material facts misrepresented to Plaintiff include but not limited to those representations as set forth in Count One.

32. Defendants concealed, withheld, and/or suppressed certain material facts with the intention to deceive or mislead Plaintiff. In particular, Air Evac never intended to waive all costs which exceeded any insurance or medical benefits Plaintiff had or which were not covered by Plaintiff's insurance or benefits.

33. Defendants had superior knowledge of material facts regarding the Air Evac policy that were not discoverable by Plaintiff with reasonable diligence. Specifically, Plaintiff was unable to learn that Air Evac did not intend to honor its contract regarding claims for services above insurance coverage and other benefits.

34. Defendants intended that Plaintiff rely on its misrepresentations, deceits, and/or suppressions and Plaintiff did reasonably and justifiably rely on such misrepresentations, deceits, and/or suppressions by paying substantial money to Defendants for the coverage which Defendants represented to Plaintiff that she was purchasing.

35. The actions of Defendants were fraudulent, malicious, wanton, and/or oppressive, or in the alternative, were gross, malicious, and oppressive and were intended to injure or defraud Plaintiff.

36. Defendants' actions constitute conduct involving actual malice, or in the alternative, were part of a pattern or practice or intentional wrong conduct.

37. Defendants' actions were such as to allow and indeed require the imposition of punitive damage to punish these defendants and to deter other similarly situated.

38. As a result, plaintiff has been injured and damaged as follows:

    a) She purchased coverage that is worthless;

    b) She has been frustrated and aggravated;

    c) Her credit rating and/or credit score has been damaged;

    d) She has suffered mental anguish; and

    e) She has been otherwise injured and damaged.

  WHEREFORE, Plaintiff demands judgment of the Defendants in such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding and such additional and other relief as this Honorable Court should deem just and proper.

## COUNT III

### (Breach of Contract)

  39. Plaintiff adopts all previous paragraphs and incorporates same by reference.

  40. On October 29, 2008 and in prior and subsequent years, Defendants entered into contracts with Plaintiff. These contracts provided that Defendants would accept Plaintiff's insurance benefits as full and complete satisfaction for any charges related to air transport provided to Plaintiff by Air Evac. Further pursuant to the terms of the parties' contract, Defendants agreed that all Air Evac transport costs that exceeded any insurance or medical benefits Plaintiff might have would be waived and that Defendants would not seek to recover those costs from Plaintiff.

  41. The Plaintiff entered into the Contracts and paid all premiums for this service. Plaintiff fully performed her obligations under the terms of the parties' contract.

  42. Defendants have not performed the provisions agreed and or provided for by the terms of the parties' contract and has therefore breached the contract.

  43. As a result, plaintiff has been injured and damaged as follows:

    a) She purchased coverage that is worthless;

    b) She has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment of the Defendants in such sum as a jury shall assess, including actual and consequential damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding and such additional and other relief as this Honorable Court should deem just and proper.

## COUNT IV

### (Breach of Implied Duty of Good Faith and Fair Dealing)

44. Plaintiff adopts all previous paragraphs and incorporates same by reference.

45. A valid contract existed between the Defendants, or one of them, and Plaintiff.

46. Plaintiff fully performed under the contract.

47. Defendants breached their contract with Plaintiff by seeking to recover payment for services after Plaintiff's insurer made payment. As a result, Air Evac has breached the covenant of good faith and fair dealing implied in its contract with Plaintiff.

48. In every contract or agreement, including the contracts at issue here, there is an implied promise of good faith and fair dealing, which means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract. This covenant of good faith applies in particular here.

49. As a proximate result of these breaches, Plaintiff has been damaged.

WHEREFORE, the above premises considered, Plaintiff demands judgment of the Defendants for in such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding and such additional and other relief as this Honorable Court should deem just and proper.

## COUNT V

## (Unjust Enrichment)

50. Plaintiff specifically asserts this claim in the alternative to her breach of contract claim in Count Three.

51. By engaging in the fraudulent and deceptive conduct set out above, Defendants knowingly obtained or exerted unauthorized control over Plaintiff's property with the intent to deprive Plaintiff of her property and/or knowingly obtained control over said property by deception and with the intent to deprive Plaintiff of her property by:

    a. creating or confirming an impression in Plaintiff which was false and which Defendants did not believe to be true; and/or

    b. failing to correct a false impression which Defendants previously created or affirmed; and/or

    c. failing to correct a false impression which Defendants were under a duty to correct; and/or

    d. preventing Plaintiff from acquiring information pertinent to the disposition of its property and/or the actions and/or inactions set out herein.

52. Such illegal and fraudulent conduct engaged in by Defendants resulted in Defendants obtaining money, which in equity and good conscience, belongs to Plaintiff.

53. Plaintiff further requests that the Court impose a Constructive Trust on such monies and require Defendants to repay such monies to Plaintiff.

54. As a direct result thereof, Defendants have been unjustly enriched, and Plaintiff has been injured and damaged and seeks recovery of all monies improperly procured or withheld.

WHEREFORE, Plaintiff demands judgment of the Defendants in such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding and such additional and other relief as this Honorable Court should deem just and proper.

## COUNT VI

### (Violations of Missouri's Merchandising Practices Act)

55. Plaintiff adopts all previous paragraphs and incorporates same by reference.

56. By and through the conduct described above, Defendants violated Missouri's Merchandising Practices Act, Mo. Ann. Stat. § 407.010 *et seq*. ("the MMPA").

57. At all relevant times, the MMPA was in full force and effect and expressly intended to protect Plaintiff and putative class members against the Defendants' fraudulent, unlawful, unfair methods of competition and unfair or deceptive acts or practices. Under Mo. Ann. Stat. § 407.020, deceptive, false or fraudulent misrepresentation or concealment of a material fact in the sale or advertisement of any merchandise in commerce constitutes a violation.

58. Plaintiff and putative class members are "person[s]" as this term is defined in Mo. Ann. Stat. § 407.010. Plaintiff purchased merchandise from Defendants primarily for personal, family or household purposes and suffered an ascertainable loss of money as a result of Defendants' deceptive, fraudulent, unfair and unlawful practices, which provides a private cause of action under Mo. Ann. Stat. § 407.025.

59. At all relevant times Defendants were engaged in a "trade" or "commerce" as those terms are defined in Mo. Ann. Stat. § 407.010.

60. Defendants' advertisements to and agreements with Plaintiffs were deceptive, fraudulent, and misleading.

61. On and before October 29, 2008 until the present, and pursuant to each annual contract, Defendants advertised and marketed that Defendants were selling or providing its services for the applicable annual fee.

62. In fact, however, and as Defendants well knew at the time, Defendants' products and services were not being offered for or provided at the total dollar rates marketed, advertised, and intended, to wit: upon subscribing or purchasing Defendants' services and products, Defendants did not disclose that they would require additional money from Plaintiff for the services provided by Defendants.

63. Plaintiff entered into a contract to purchase Defendants' products and services and in fact purchased Defendants' products and services based on Defendants' representations.

64. When Defendants marketed, advertised, distributed, and sold Defendants' products and services at the marketed rates on television, radio, and internet advertisements, it did not inform Plaintiff that Defendants would require additional money from Plaintiff for the air transport services. In fact, Defendants represented the opposite – that no further payment would be required from Plaintiffs for air transport service.

65. Plaintiff, without knowledge of Defendants' plan to seek additional money from Plaintiff, used and continued to use Defendants' products or services.

66. As a result of Defendants' deceptive practices in its marketing, advertisements, representations, and contracts with Plaintiff, Defendants fraudulently or negligently induced Plaintiff to purchase its products and services through material misrepresentations.

67. This action is brought by Plaintiff against Defendants to recover all money paid by Plaintiff to Defendants in exchange for their marketing, advertising, and sale of deceptive services and products.

WHEREFORE, Plaintiff demands judgment of the Defendants in such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding, rescissionary relief and such additional and other relief as this Honorable Court should deem just and proper.

## COUNT VII

### (Civil Conspiracy)

68. Plaintiff adopts all previous paragraphs and incorporates same by reference.

69. Defendants committed at least one act in furtherance of the unlawful scheme complained of herein and conspired and combined with each other and with other unnamed third parties to complete the unlawful scheme described herein. As a result, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment of the Defendants in such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding and such additional and other relief as this Honorable Court should deem just and proper.

## COUNT VIII

### (Injunctive Relief)

70. Plaintiff adopts all previous paragraphs and incorporates same by reference.

71. Plaintiff respectfully requests that this Honorable Court require Defendants to

suspend collection of air transport charges from those customers who entered into contracts containing the same or similar language to Plaintiff's contracts.

WHEREFORE, the above premises considered, Plaintiff requests issuance of the aforementioned injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants and in favor of herself and the Class, for the following relief:

a. Certify this case as a nationwide Class, appointing the named Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

b. An order requiring Air Evac to disgorge and make restitution of monies unlawfully obtained from the Plaintiff and Class;

c. An order awarding the Plaintiff and Class actual damages and punitive damages as a result of Air Evac's malicious, intentional, and reckless disregard for the rights of the Plaintiff and the Class a whole, in an amount sufficient to punish the Defendants and to deter such conduct in the future, which amount shall be determined by the jury;

d. Costs, including reasonable attorneys' fees, as permitted by law;

e. Injunctive relief;

f. Such other relief in law and equity, including, without limitation, costs incurred by Plaintiff and the Class, pre-judgment interest, post-judgment interest, rescissionary relief and any other relief to which Plaintiff and the Class show themselves to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Springfield, Missouri as the place of trial.

/s/ Eric D. Barton
Eric D. Barton (MO Bar No. 53619 )
Sarah Ruane (MO Bar No. 59083)
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
phone: (816) 701-1100
facsimile: (816) 531-2372
ebarton@wcllp.com
sruane@wcllp.com
Robert G. Methvin, Jr. (Pending admission *Pro Hac Vice*)
James M. Terrell (Pending admission *Pro Hac Vice*)
MCCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, AL 35205
phone: (205) 939-0199
facsimile: (205) 939-0399
rgm@mmlaw.net
jterrell@mmlaw.net
*Attorneys for Plaintiff*